UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KULDEEP SINGH,

          Petitioner,

    v.

WARDEN,

          Respondent.

No.  1:26-cv-01242-DAD-JDP

ORDER DENYING PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER

(Doc. No. 4)

On February 12, 2026, petitioner, proceeding *pro se*, filed a motion for temporary restraining order.  (Doc. No. 4.)  On February 13, 2026, the court issued an order directing respondents to file an opposition to the pending motion in which they "substantively address whether any provision of law or fact in this case would distinguish it from this court's decision in *Ayala Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025), and other similar cases previously decided by this court, or otherwise indicate that the matter is not substantively distinguishable."  (Doc. No. 8.)  On February 17, 2026, respondents filed an opposition to the pending motion.  (Doc. No. 9.)

Petitioner contends that he has been detained in respondents' custody for over eight months without a hearing before a neutral decisionmaker where it would be determined whether his continued detention is justified.  (Doc. No. 4 at 2.)  He claims that, on June 9, 2025,

1

Immigration and Customs Enforcement ("ICE") officials ordered him to appear at an ICE office in Stockton, California.  (Doc. No. 1 at 6.)  When he presented himself as ordered, ICE re-arrested him without any prior notice, and he has been detained at the Golden State Annex detention center since that date.  (*Id.*)  In opposition, respondents argue that petitioner's detention is mandatory because, on December, 3, 2025, an immigration judge ("IJ") issued a final order of removal for petitioner.  (Doc. No. 9 at 2.)  Respondents further indicate that the IJ also granted petitioner withholding of removal.[1]  (*Id.*)  Because petitioner was ordered removed by an immigration judge, respondents contend petitioner's unlawful re-detention claim has been rendered moot.  (*Id.* at 4.)

"Where an alien falls within [the INA] statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention."  *Prieto-Romero v. Clark*, 534 F.3d 1053, 1057 (9th Cir. 2008).  "While removal proceedings are in progress, most aliens may be released on bond or paroled.  After entry of a final removal order and during the 90–day removal period, however, aliens must be held in custody."  *Zadvydas v. Davis*, 533 U.S. 678, 683 (2001); *see also Baires v. Lynch*, No. 15-cv-03635-RS-PR, 2016 WL 4502558, at *2 (N.D. Cal. Aug. 29, 2016) ("[W]hen an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days[.]").

---

[1]  Withholding of removal can be granted pursuant to § 241(b)(3)(B) of the INA or the Convention Against Torture ("CAT").  *See* 8 C.F.R. §§ 1208.16(b)–(c).  In this case, petitioner was granted withholding of removal pursuant to § 241(b)(3)(B) of the INA, based upon a showing that "his life or freedom would be threatened . . . because of [his] race, religion, nationality, membership in a particular social group, or political opinion."  (Doc. No. 9 at 7); 8 U.S.C. § 1231(b)(3)(A); *see also* § 1208.16(b) (describing the burden of proof for consideration of withholding of removal pursuant to § 241(b)(3)).  "Withholding of removal status is 'country-specific;' while a non-citizen granted withholding of removal cannot be removed to the country where his life or freedom would be threatened, he can be removed to a third country."  *Kinuthia v. Biden*, No. 21-cv-11684-NMG, 2022 WL 17653503, at *2 (D. Mass. Nov. 9, 2022) (citation omitted), *report and recommendation adopted* (Jan. 6, 2023); *see also Johnson v. Guzman Chavez*, 594 U.S. 523, 535–36 (2021) ("When an alien applies for withholding-only relief, he does so as to a particular country."); 8 C.F.R. § 1208.16(f) ("Nothing in this section or § 1208.17 shall prevent the Service from removing an alien to a third country other than the country to which removal has been withheld or deferred.").

2

Here, petitioner was ordered removed by an IJ and granted withholding of removal pursuant to § 241(b)(3)(B) on December 3, 2025.  (Doc. No. 9 at 10.)  When the IJ ordered petitioner removed and granted him withholding of removal, both petitioner and the Department of Homeland Security ("DHS") waived their right to appeal the IJ"s order.  (*Id.* at 10.)  "Because Petitioner and DHS waived their appellate rights, Petitioner's removal order became administratively final that same day."  *Tanahan v. United States*, No. 2:25-cv-02075-RFB-BNW, 2026 WL 161761, at *4 (D. Nev. Jan. 21, 2026); *see also* 8 C.F.R. § 1241.1(b) (noting that an order of removal issued by an IJ becomes final "[u]pon waiver of appeal by the respondent.").  Moreover, withholding of removal "prohibits DHS from removing the alien *to* that particular country,[2] not *from* the United States.  The removal order is not vacated or otherwise set aside.  It remains in full force, and DHS retains the authority to remove the alien to any other country authorized by the statute."  *Johnson*, 594 U.S. at 536; *see also*; *Y.T.D. v. Andrews*, No. 1:25-cv-01100 JLT SKO, 2025 WL 2675760, at *1 (E.D. Cal. Sept. 18, 2025) ("If withholding or CAT relief is granted, either party has the right to appeal that decision to the BIA within 30 days.  *See* 8 C.F.R. § 1003.38(b).  If both parties waive appeal or neither party appeals within the 30-day period, the withholding or CAT relief grant and the accompanying removal order become administratively final."), *appeal dismissed sub nom. Y.T.D. v. Andrews*, No. 25-7265, 2025 WL 4233827 (9th Cir. Dec. 2, 2025).  Thus, § 1231(a) controls petitioner's detention, and the 90-day mandatory detention period pursuant to that provision began to run on December 3, 2025 in petitioner's case and will not expire until March 3, 2026.

As noted, petitioner challenges his detention under a theory that his detention has become prolonged in violation of due process.  It is unclear whether petitioner was subject to pre-removal custody under § 1225(b), § 1226(a), or § 1182.  Nonetheless, that is of no moment here because he is now clearly subject to a final order of removal.  This means that his claim has been rendered

---

[2] The parties have not submitted any evidence indicating what country petitioner was granted withholding of removal from nor has the government indicated where it intends on removing petitioner to, stating only that "ICE is awaiting identification of a third country for removal." (Doc. No. 9 at 2.)  While not entirely clear, it appears however that petitioner was likely granted withholding of removal to India.

moot. *Baires v. Lynch*, No. 15-cv-03635-RS-PR, 2016 WL 4502558, at *2 (N.D. Cal. Aug. 29, 2016) ("A petition challenging detention under section 1226 is rendered moot when detention authority shifts to section 1231."); *Inamzhon v. Warden of Golden State Annex*, No. 1:25-cv-01059-SKO (HC), 2025 WL 3080525, at *3 (E.D. Cal. Nov. 4, 2025) ("Since Petitioner is no longer subject to detention under § 1225(b), his claims of indefinite detention under that section are now moot."); *Wakil v. Warden of Golden State Annex Det. Facility*, No. 1:25-cv-01098-CDB (HC), 2026 WL 161223, at *4 (E.D. Cal. Jan. 21, 2026) ("In all events, while revocation of Petitioner's parole without a bond or custody hearing may implicate a due process issue, as noted above, relief under due process is unavailable at this time in light of the final order of removal entered against Petitioner. Section 1231(a) attaches such that Petitioner must be detained for up to the 90-day statutory period pending removal, and thus Petitioner's petition for relief under due process must be denied."). However, "[i]f Petitioner is not removed within the 90-day removal period, and continued detention under § 1231(a)(6) becomes unreasonably prolonged and indefinite, Petitioner may file another habeas petition at that time. At this time, however, Petitioner is not entitled to relief.". *Inamzhon*, 2025 WL 3080525, at *3.

Because petitioner has not carried his burden of establishing that he is likely to succeed on the merits of his claims, the court need not consider the other *Winter* factors. *California v. Azar*, 911 F.3d 558, 575 (9th Cir. 2018) ("Likelihood of success on the merits is 'the most important' factor; if a movant fails to meet this 'threshold inquiry,' we need not consider the other factors.") (quoting *Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017)).

Accordingly, for the reasons stated above, petitioner's motion for a temporary restraining order is DENIED without prejudice to the filing of a renewed motion should he not be removed from the United States by March 3, 2026, and his detention after that date become prolonged.

IT IS SO ORDERED.

Dated:   **February 25, 2026**                    _____

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

4