UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KULDEEP SINGH,<br><br>                    Petitioner,<br><br>          v.<br><br>WARDEN,<br><br>                    Respondent. | No.  1:26-cv-01242-DAD-JDP (HC)<br><br><br>ORDER GRANTING MOTION FOR TEMPORARY RESTRAINING ORDER AND GRANTING MOTION TO AMEND<br><br>(Doc. Nos. 12, 19) |

On March 19, 2026, petitioner Kuldeep Singh filed a renewed motion for temporary restraining order seeking his immediate release from Immigration and Customs Enforcement ("ICE") custody and a motion to appoint counsel.  (Doc. Nos. 12, 13.)  On March 27, 2026, respondent filed an opposition to the pending motion.  (Doc. No. 15.)  On April 1, 2026, the court granted petitioner's motion to appoint counsel and directed counsel to file supplemental briefing in support of petitioner's renewed motion for temporary restraining order.  (Doc. No. 16.)  In that same order, the court provided that "[c]ounsel for respondents may file an opposition to any supplemental briefing filed by appointed counsel within two (2) days from the date that any such briefing is filed."  (*Id.*)  On April 9, 2026, appointed counsel entered a notice of appearance in this action.  (Doc. No. 17.)  On May 11, 2026, counsel filed supplemental briefing in support of that

/////

1

the renewed motion for temporary restraining order.  (Doc. No. 18.)  To date, respondent has not filed any response to petitioner's supplemental briefing.[1]

**BACKGROUND**

The court detailed the circumstances surrounding petitioner's detention in its prior order denying petitioner's original motion for temporary restraining order.  (Doc. No. 10 at 2–3.)  In sum, petitioner has been in ICE custody since June 9, 2025 after he presented himself in person at the ICE field office in Stockton, California.  (*Id.* at 2.)  Petitioner was ordered removed by an immigration judge ("IJ") on December 3, 2025 and was also granted withholding of removal pursuant to § 241(b)(3) of the Immigration and Nationality Act at that time.  (*Id.*)  Petitioner has now been in ICE custody for approximately five months since the removal order was entered.

**LEGAL STANDARD**

The standard governing the issuing of a temporary restraining order is "substantially identical" to the standard for issuing a preliminary injunction.  *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).  "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'"  *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)); *see also Ctr. for Food Safety v. Vilsack*, 636 F.3d 1166, 1172 (9th Cir. 2011) ("After *Winter*, 'plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction.'"); *Am. Trucking Ass'n, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009).  A plaintiff seeking a preliminary injunction must

---

[1] On May 18, 2026, petitioner filed a motion to amend his *habeas* petition and motion for temporary restraining order seeking to substitute the warden of the Central Valley Annex Detention Center in place of the originally named Warden of the Golden State Annex Detention Center as the respondent.  (Doc. No. 19.)  Petitioner contends that since the filing of his renewed motion for temporary restraining order, petitioner was transferred from the Golden State Annex Detention Center to the Central Valley Annex Detention Center, which also lies within the Eastern District of California.  (*Id.* at 1–2.)  Petitioner's motion will be granted, and the Clerk of the Court will be directed to update the docket to reflect petitioner's current custodian.

2

make a showing on all four of these prongs. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). The Ninth Circuit has also held that "[a] preliminary injunction is appropriate when a plaintiff demonstrates . . . that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor." *Id.* at 1134–35 (citation omitted). The party seeking the injunction bears the burden of proving these elements. *Klein v. City of San Clemente*, 584 F.3d 1196, 1201 (9th Cir. 2009); *see also Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) (citation omitted) ("A plaintiff must do more than merely allege imminent harm sufficient to establish standing; a plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief."). Finally, an injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22.

The likelihood of success on the merits is the most important *Winter* factor. *See Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017). Plaintiff bears the burden of demonstrating that he is likely to succeed on the merits of his claims or, at the very least, that "serious questions going to the merits were raised." *All. for Wild Rockies*, 632 F.3d at 1131.

## DISCUSSION

Respondent argues that petitioner is unlikely to succeed on the merits of his petition because his post-removal detention has not exceeded the presumptively reasonable six-month period and petitioner has failed to establish that there is no significant likelihood of removal in the foreseeable future. (Doc. No. 15 at 2–3.) Respondent has further stated that at this time "ICE is awaiting identification of a third country for removal and is making efforts to obtain travel documents." (*Id.* at 2.)

1.    Likelihood of Success on the Merits

As stated in the court's prior order, petitioner's detention is governed by 8 U.S.C. § 1231 because he has been ordered removed by an IJ. (*Id.* at 3.) Once a final order of removal has been entered, immigration detainees are subject to a 90-day mandatory detention period. *Zadvydas v. Davis*, 533 U.S. 678, 683 (2001). "In *Zadvydas,* the Court construed § 1231(a)(6) to mean that an alien who has been ordered removed may not be detained beyond 'a period reasonably necessary

3

to secure removal,' and it further held that six months is a presumptively reasonable period[.]" *Jennings v. Rodriguez*, 583 U.S. 281, 298–99 (2018) (internal citations omitted).  However, "*Zadvydas* also applies to those who are subject to a final order of removal and who are detained for less than six months." *Abramian v. Bondi*, No. 25-cv-03080-DMG-SP, 2026 WL 166907, at *5 (C.D. Cal. Jan. 16, 2026).  Immigration detainees who have been in post-removal detention for more than 90 days but less than six months may challenge the lawfulness of their detention "by establishing that there is no significant likelihood of removal in the reasonably foreseeable future."  *Id.*; *see also Ndandu v. Noem*, No. 3:25-cv-02939-RBM-MSB, 2026 WL 25848, at *3 (S.D. Cal. Jan. 5, 2026) (collecting cases where "district courts have found that the six-month presumption is rebuttable.").  "The six-month presumption of reasonability under *Zadvydas* is 'just that—a presumption.'"  *Burunsuzyan v. Noem*, No. 5:26-cv-00049-RGK-AGR, 2026 WL 246067, at *5 (C.D. Cal. Jan. 27, 2026) (quoting *Clark v. Martinez*, 543 U.S. 371 387 (O'Connor, J., concurring)).

Here, petitioner argues that there is good reason to believe that there is no significant likelihood of his removal in the reasonably foreseeable future.  (Doc. No. 18 at 5.)  Specifically, he contends that the IJ's granting of withholding of removal precludes the government from removing him to his home country and, because third country removal is rare, the government has "made no progress in removing Petitioner to one over the last five months[.]"  (*Id.* at 5–6.)  Petitioner's counsel has also indicated that the last update from the government regarding petitioner's third country removal was on May 1, 2026, and at that time counsel for respondent simply stated that counsel "would follow up on this and get back to [petitioner's counsel] as soon as he can."  (Doc. No. 18-1 at ¶ 6.)  Petitioner has stated that "[n]o one has asked me to fill out any paperwork for third-country removal, or to talk to any consulate of a third country."  (Doc. No. 18-2 at ¶ 5.)  Petitioner also lacks citizenship or legal status in any country other than India.  (*Id.* at ¶ 6.)

In light of petitioner's arguments and respondent's failure to offer any details regarding the status of the efforts to secure petitioner's third-country removal, the court is persuaded that petitioner has shown that he is likely to succeed on the merits of his claim that his detention is

unlawful because removal is not reasonably foreseeable.  *Zadvydas*, 533 U.S. at 699–700 ("[I]f removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute."); *cf. Riveros Cadavid v. Dep't of Homeland Sec.*, No. 26-cv-01805-KK-DTB, 2026 WL 1105032, at *3–4 (C.D. Cal. Apr. 17, 2026) (finding petitioner was likely to succeed on the merits where he was granted withholding of removal under the Convention Against Torture which made his removal "exceedingly unlikely[]" and the government failed to identify any third country that would accept petitioner); *see also Lumbi Altamirano v. Facility Administrator Desert View Annex*, No. 26-cv-00692-FMO-JDE, 2026 WL 790877, at *3–4 (C.D. Cal. Mar. 17, 2026) (concluding that petitioner's detention was no longer lawful where there was no scheduled removal date, respondents failed to provide petitioner's counsel with requested information regarding a removal plan, and respondents provided no evidence beyond a declaration from a deportation officer making generalized statements regarding the petitioner's removal).

The court further concludes that if the remaining *Winter* factors weigh in petitioner's favor, then the appropriate remedy would be petitioner's release.  *Tumasov v. Doe 1*, No. 26-cv-00590-LL-DEB, 2026 WL 458146, at *3 (S.D. Cal. Feb. 18, 2026) (ordering release of a petitioner who was ordered removed and granted withholding of removal pursuant to § 241(b)(3) where the government failed to provide any details regarding third country removal efforts after petitioner was in post-removal detention for three months).

2.     <u>Irreparable Harm</u>

"[T]he irreparable harms imposed on anyone subject to immigration detention (or other forms of imprisonment) are self-evident."  *Guillermo M. R. v. Kaiser*, 791 F. Supp. 3d 1021, 1037 (N.D. Cal. 2025) (alteration in original) (citation omitted).  Here, petitioner argues that there is no indication that his removal will be effectuated and each day spent in custody without an assessment of the constitutionality of his detention is an irreparable deprivation of liberty "subjecting him to harsh conditions of confinement, substandard medical care, and ongoing mental anguish due to his unlawful detention."  (Doc. No. 18 at 10.)  The court finds that petitioner has satisfied the second *Winter* factor and concludes that "[i]n the absence of an

injunction, harms such as these will continue to occur needlessly on a daily basis." *Hernandez v. Sessions*, 872 F.3d 976, 995 (9th Cir. 2017); *see also Riveros Cadavid*, 2026 WL 1105032, at *4 (concluding that the petitioner satisfied the second *Winter* factor in part because petitioner established that his removal was not reasonably foreseeable and his confinement caused him to suffer from a "very weak state of mind and body").

### 3.    Balance of Hardships and Public Interest

The balance of hardships and public interest "merge when the Government is the opposing party." *Nken v. Holder*, 556 U.S. 418, 435 (2009).  Respondent undoubtedly has a "compelling interest in the enforcement of the nation's immigration laws[,]" but "the balance of equities and the public interest factors tip in favor of Petitioner because he is challenging Respondent['s] violation of federal law." *Chong v. Santacruz*, No. 5:25-cv-03527-MWC-E, 2025 WL 4631998, at *8 (C.D. Cal. Dec. 29, 2025) (internal citations omitted) (citing cases).  Accordingly, consideration of the third and fourth *Winter* factors weigh in petitioner's favor.

### CONCLUSION

For the reasons above,

1.    Petitioner's motion to amend (Doc. No. 19) is GRANTED as follows:

    a.    The Clerk of the Court is directed to substitute the Warden substitute the Warden of the Central Valley Annex Detention Center in place of the originally named Warden of the Golden State Annex Detention Center as the respondent in this action;

2.    Petitioner's motion for temporary restraining order (Doc. No. 12) is GRANTED as follows:

    a.    Respondent is ORDERED to immediately release petitioner Kuldeep Singh, A-File No. 246-751-211, from respondent's custody subject to reasonable terms of supervision imposed pursuant to § 1231(a)(3);

/////

/////

/////

6

3.     The Clerk of the Court is directed to serve the Central Valley Annex Detention Center with a copy of this order; and

4.     The parties are directed to meet and confer, if possible, and submit a joint proposed briefing schedule for any motion for preliminary injunction within fourteen (14) days from the date of entry of this order.

IT IS SO ORDERED.

Dated:   **May 19, 2026**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE